UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK J. MACDONALD,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security<br><br>Defendant. | No. 2:16-cv-1046-EFB<br><br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. The parties have filed cross-motions for summary judgment. For the reasons discussed below, plaintiff's motion is granted, defendant's motion is denied, and the matter remanded for further proceedings.

I. BACKGROUND

Plaintiff filed an application for SSI, alleging that he had been disabled since August 1, 2007. Administrative Record ("AR") at 220-228. That application was denied initially and upon reconsideration. *Id.* at 128-131, 135-140. Plaintiff requested a hearing which was held on June

/////

/////

25, 2014, before Administrative Law Judge Peter F. Belli ("the ALJ").[1] *Id*. at 56-94. Plaintiff was represented by counsel at the hearing, at which he and a vocational expert ("VE") testified. *Id*. On August 22, 2014, the ALJ issued a decision finding that plaintiff was not disabled under section 1614(a)(3)(A) of the Act.[2] *Id*. at 9-29. The ALJ made the following specific findings:

1. The claimant has not engaged in substantial gainful activity since November 15, 2011, the application date (20 CFR 416.971 *et seq*.).

2. The claimant has the following severe impairments: asthma, degenerative disk disease of the lumbar spine, osteoarthritis of the bilateral hands, osteoarthritis of the bilateral knees,

---

[1] A hearing was initially held on November 13, 2013, before a different ALJ. AR 49-54. At that hearing the ALJ granted plaintiff's request for a continuance to permit him to retain counsel. *Id*.

[2] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq*. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Yuckert*, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*

a tear of the right medical meniscus and lateral horn, obesity, anxiety, depression, and borderline intellectual functioning (20 CFR 416.920(c)).

\* \* \*

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.416.920(d), 416.925, 416.926).

\* \* \*

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b). The claimant can lift, carry, push and/or pull twenty pounds occasionally and ten pounds frequently. He can sit for eight hours in an eight-hour workday with normal breaks. He requires the opportunity to change positions at the workstation every thirty minutes. He can stand and/or walk for six hours in an eight-hour workday with no prolonged standing and walking, [sic] He can walk thirty minutes at a time. He cannot climb ladders, ropes, or scaffolds. He can occasionally stoop, crouch, crawl, or kneel. He is unable to perform complex instructions. He is able to receive, remember, understand, and carry out detailed job instructions.

\* \* \*

5. The claimant is unable to perform any past relevant work (20 CFR 416.965).

\* \* \*

6. The claimant was born [in] 1968 and was 43 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963)

7. The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964)

8. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

9. Considering the claimant's age education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

\* \* \*

10. The claimant has not been under a disability, as defined by the Social Security Act, since November 15, 2011, the date the application was filed (20 CFR 416.920(g)).

*Id.* at 11-29.

1    Plaintiff's request for Appeals Council review was denied on April 4, 2016, leaving the
ALJ's decision as the final decision of the Commissioner. *Id.* at 1-4.

II.    LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

III.   ANALYSIS

Plaintiff argues that the ALJ erred in failing to properly (1) analyze whether plaintiff met Listing 12.05(C) and (2) assess plaintiff's RFC. ECF No. 13 at 6-15.

A.    The ALJ Erred in Finding that Plaintiff Doesn't Meet Listing 12.05(C)

Plaintiff first argues the ALJ erred in finding that he did not satisfy the requirements of Listing 12.05(C). *Id.* at 6-11. At step three of the sequential evaluation, the ALJ determines whether a claimant's impairment or combination of impairments meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Where a claimant's impairment or impairments meets or equals a listed impairment in Appendix 1, the claimant is per se disabled.

4

20 C.F.R. § 416.920(d). "Once a per se disability is established, the ALJ has no discretion; he must award benefits." *Young v. Sullivan*, 911 F.2d 180, 183 (9th Cir.1990).

Listing 12.05–intellectual disability-"refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22." 20 C.F.R. Pt. 404, Subpt. P, App. 1. The listing can be met by demonstrating "[a] . . . full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function." *Id*. Thus, plaintiff meets the listing if (1) she has a valid IQ score between 60 and 70, (2) the evidence demonstrates or supports onset of the impairment before age 22, and (3) she has a physical or other mental impairment imposing an additional and significant work-related limitation of function. *Id*.

In September 2016, plaintiff underwent a psychological evaluation, which was performed by psychologist Anita Kemp, Ph.D. AR 316-322. As part of the evaluation, Dr. Kemp administered the Wechsler Adult Intelligence Scale-Third Edition (WAIS-III). *Id*. at 321. Plaintiff's results included a full scale IQ of 76, verbal IQ of 84, and a performance IQ score of 70. *Id*. at 323.

The Commissioner does not dispute that plaintiff has a valid IQ score falling within the range required by Listing 12.05(C), nor does she dispute that plaintiff has additional impairments that impose an additional and significant work-related limitation. ECF No. 17 at 3-6; *see* AR 11 (ALJ's findings that plaintiff's severe impairments include asthma, degenerative disk disease of the lumbar spine, osteoarthritis of the bilateral hands and knees, right medial meniscus and lateral horn tear, obesity, anxiety, and depression); *see also Gomez v. Astrue,* 695 F. Supp. 2d 1048, 1062 (C.D. Cal. 2010) ("If the claimant has an additional physical or mental impairment 'which was itself severe,' that impairment 'automatically satisfie[s] the more than slight or minimal effect standard.'") (citing *Fanning v. Bowen*, 827 F.2d 631, 633 (9th Cir. 1987). Thus, the only issue is whether the onset of plaintiff's diminished intellectual function was prior to attaining age 22.

/////

As a threshold matter, the Commissioner contends that the ALJ properly determined that plaintiff does not satisfy the listing because plaintiff was only diagnosed with borderline intellectual function and not mental retardation. ECF No. 17 at 4. The listing, however, does not require an individual to be diagnosed with mental retardation. *See Mays v. Colvin*, No. 1:13-CV-00904-SKO, 2014 WL 3401385, at *11 (E.D. Cal. July 11, 2014) ("plaintiff is not required to have a diagnosis of mental retardation[3] to satisfy Listing 12.05(C)"); *Brooks v. Astrue*, No. 3:11-CV-01252-SI, 2012 WL 4739533, at *5 (D. Or. Oct. 3, 2012) ("by the plain language of the regulations, [plaintiff] may meet the listing without a formal diagnosis of mental retardation); *Maresh v. Barnhart*, 438 F.3d 897, 899 (8th Cir. 2006) (finding that formal diagnosis of mental retardation is not required); *Gomez*, 695 F. Supp. 2d at 1057-58 (same); *Applestein-Chakiris v. Astrue*, No. 09CV00009BTM, 2009 WL 2406358, *8 (S.D. Cal. Aug. 5, 2009) (same); *see also Thresher v. Astrue*, 283 F. App'x 473, 475 (9th Cir. 2008) (Listing 12.05(C) "speaks only to the IQ score itself."). Moreover, the ALJ did not rely on the distinction between a diagnosis of mental retardation and borderline intellectual function to find that plaintiff did not meet the listing. *See Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. ) ("Long-standing principles of administrative law require [the court] to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking."); *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (a district court is "constrained to review the reasons the ALJ asserts").

Instead, the ALJ concluded that plaintiff did not meet the listing because he had failed to establish diminished intellectual functioning prior to age 22. AR 18. In reaching this finding, the ALJ acknowledged plaintiff's reports of taking special education classes while in school. *Id*. at 18, 317. Despite this evidence, the ALJ concluded that plaintiff had failed to show onset prior to age 22 because the IQ score of 70 was obtained after reaching age 22 and "no records dated prior to the [plaintiff] attaining age 22 were submitted to prove the presence of a learning disability or that he received special education services." *Id*. at 18.

---

[3] Listing 12.05(C) was previously designated "mental retardation," but the the requirements for listing 12.05(C) were the same.

The ALJ's explanation is insufficient. A claimant is not required to produce an IQ score generated prior to age 22 in order to meet the listing. *See Gomez*, 695 F. Supp. 2d at 1061. As several circuits have held, an adult IQ score creates a rebuttable presumption that the impairment existed before the age of 22. *See Hodges v. Barnhart*, 276 F.3d 1265, 1268–69 (11th Cir. 2001) (IQ tests after age 22 satisfy the listing criteria and "create a rebuttable presumption of a fairly constant IQ throughout life") (citing *Muncy v. Apfel*, 247 F.3d 728, 734 (8th Cir. 2001), *Luckey v. U.S. Dept. Of Health and Human Services*, 890 F.2d 666, 668 (4th Cir. 1989)). The Ninth Circuit has yet to address the question and there is some disagreement among district courts within the Ninth Circuit. *Compare, e.g., Forsythe v. Astrue*, 2012 WL 217751, at * 6–7 (E.D. Cal. Jan. 24, 2012) (collecting cases and adopting presumption); *Jackson v. Astrue*, 2008 WL 5210668, at * 6 (C.D. Cal. Dec.11, 2008) ("several circuits have held that valid IQ tests create a rebuttable presumption of a fairly constant IQ throughout a claimant's life . . . . The Court finds the reasoning of the Seventh, Eighth, and Eleventh Circuits to be persuasive"); *Schuler v. Astrue*, 2010 WL 1443882, at *6 (C.D. Cal. Apr. 7, 2010) ("a valid qualifying IQ score obtained by the claimant after age 22 creates a rebuttable presumption that the claimant's mental retardation began prior to the age of 22, as it is presumed that IQ scores remain relatively constant during a person's lifetime"); with *Clark v. Astrue*, 2012 WL 423635 (E.D. Cal. Feb.8, 2012) (declining to adopt rebuttable presumption); *Rhein v. Astrue*, 2010 WL 4877796, at *8 (E.D. Cal. Nov.23, 2010) (finding rebuttable presumption would remove plaintiff's burden at step three). This court concurs with the reasoning in *Forsythe* and has consistently adhered to the line of cases applying the rebuttable presumption. *See, e.g., Matthews v. Colvin*, 170 F. Supp. 3d 1277, 1281 (E.D. Cal. 2016); *Levi v. Colvin*, No. 2:12-cv-2713-EFB, 2014 WL 1289791, at *4-5 (E.D. Cal. Mar. 31, 2014); *Wooten v. Colvin*, No. 2:12-cv-426-EFB, 2013 WL 5372855, at *3-4 (E.D. Cal. Sep. 25, 2013); *Woods v. Astrue*, No. CIV. S-10-2031-GEB-EFB, 2012 WL 761720, at *4 (E.D. Cal. Mar. 7, 2012).

In this case, the ALJ failed to cite to any evidence that would rebut the presumption. Instead, he specifically acknowledged plaintiff's reports of taking special education classes— evidence that supports a finding of diminished intellectual functioning prior to age 22—but

rejected the evidence because it was not corroborated by academic records. The absence of plaintiff's educational records does not establish that plaintiff's diminished intellectual functioning began after attaining age 22. Rather, there is a qualifying IQ score of 70 after age 22, and although there are no test scores from an earlier age, there is evidence that plaintiff was in special education classes while in school and no evidence or explanation is provided for how the diminished mental functioning would have existed after 22 but not before.

Accordingly, the ALJ failed to properly consider whether plaintiff satisfied Listing 12.05(C).

### B. Remand for Further Proceedings

"A district court may reverse the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing, but the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) (internal quotes and citations omitted). A district court may remand for immediate payment of benefits only where "(1) the ALJ has failed to provide to provide legally sufficient reasons for rejecting evidence; (2) there are no outstanding issues that must be resolved before determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." *Benecke v. Barnhart*, 379 F.3d 587, 563 (9th Cir. 2004). However, even where all three requirements are satisfied, the court retains "flexibility" in determining the appropriate remedy. *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014). "Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits." *Dominguez*, 808 F.3d at 407. Moreover, a court should remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014).

/////

/////

/////

8

Here, the ALJ failed to address properly address whether plaintiff had diminished intellectual functioning prior to age 22. Remand is appropriate to allow the ALJ to consider this matter and, if necessary, further develop the record on the issue.[4]

IV.     CONCLUSION

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment is granted;

2. The Commissioner's cross-motion for summary judgment is denied;

3. The matter is remanded for further consideration consistent with this order; and

4. The Clerk is directed to enter judgment in plaintiff's favor.

DATED: September 18, 2017.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[4] As the matter must be remanded for further consideration on this basis, the court declines to address plaintiff's additional argument.

9